IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | CASE NUMBER 6:03-CR-00053-JDK-JDL |
| MARK DAVID JONES | § § § § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 4, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Mark David Jones. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Federal Public Defender Jon Hyatt.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of VI, was 151 to 188 months. On February 6, 2004, U.S. District Judge Leonard Davis of the Eastern District of Texas sentenced Defendant to 151 months imprisonment with 3 years of supervised release to follow, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On June 13, 2017, Defendant completed his period of imprisonment and began service of the supervision term.

On July 12, 2017, this case was reassigned to U.S. District Judge Ron Clark of the Eastern District of Texas. Five days later, with Defendant's consent, the court modified Defendant's

1

conditions of supervision to include alcohol abstinence. On March 2, 2018, this case was reassigned to U.S. District Judge Robert W. Schroeder of the Eastern District of Texas. On March 13, 2018, Defendant's original term of supervised release was revoked, and he was sentenced to eight-months imprisonment followed by an eighteen-month term of supervised release subject to the original and previously modified conditions of supervision. Defendant completed his imprisonment on October 26, 2018, and began service of his new term of supervised release. On July 14, 2025, this case was reassigned to U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on November 28, 2018, when Defendant submitted a positive urine specimen for methamphetamine at the U.S. Probation Office. The government alleges that Defendant signed a written admission form admitting to using methamphetamine on November 25, 2018, and that his results were later confirmed by the national lab. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.102 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months, but the maximum term of imprisonment is 24 months.

U.S.S.G. § 7B1.4(a). Thus, in accordance with U.S.S.G. § 7B1.4(b)(1), the Guideline imprisonment range becomes 21 to 24 months.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of methamphetamine as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 21 months imprisonment with no supervised release to follow. The government further recommended that Defendant's sentence should run consecutively to the sentence imposed in the 59th Judicial District Court of Grayson County, Texas, Case No. 070719.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that Defendant be sentenced to 21 months imprisonment to run consecutive to the sentence imposed in the 59th Judicial District Court of Grayson County, Texas, Case No. 070719, with no supervised release to follow. The court **FURTHER RECOMMENDS** that Defendant receive drug treatment and that he serves his sentence at USP Coleman II, Florida, if available. If unavailable, the court recommends that Defendant serve his sentence at FCI Phoenix, Arizona, if available. If unavailable, the court recommends that Defendant serve his sentence at USP Terre Haute, Indiana, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 5th day of August, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE